UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------- X
LEGGETT & PLATT, INC.,

                    Plaintiff,                    **NOT FOR PUBLICATION**

  -against-                               **MEMORANDUM AND ORDER**

CM MATTRESS, LLC,
                                             14-CV-3277 (KAM)(RLM)
                    Defendant.
-------------------------------------X

**MATSUMOTO, United States District Judge:**

        Plaintiff Leggett & Platt, Inc., ("plaintiff") initially commenced this breach of contract action against CM Mattress, LLC and The House of the Foaming Case, Inc. on May 27, 2014. (*See* Compl., ECF No. 1.) Plaintiff filed an amended complaint on May 29, 2014. (*See* Am. Compl., ECF No. 5.) Plaintiff subsequently voluntarily dismissed the claim against The House of the Foaming Case, Inc. (*See* Status Report, dated June 11, 2015, ECF No. 25; Order Dismissing Parties dated June 11, 2015.) On July 13, 2015, following a notation of default by the Clerk of the Court dated September 9, 2014 (Entry of Default, ECF No. 19), plaintiff moved for default judgment on its breach of contract claim against CM Mattress, LLC ("defendant"), seeking damages in the amount of $113,725.25. (Mot. for Default J., ECF No. 26.) Defendant has not submitted any opposition to plaintiff's motion, despite receiving notice and having been provided with an opportunity to do so. (*See* Certificate of

Service dated July 13, 2015, ECF No. 26-3.)  For the reasons set forth below, plaintiff's motion for entry of a default judgment is granted.

**BACKGROUND**

Based on the allegations of the amended complaint, the court accepts the following facts as undisputed.  Plaintiff is a Missouri corporation with its principal executive offices located in Carthage, Missouri.  (Am. Compl. ¶ 1.)  Defendant is a New Jersey limited liability company with its principal place of business in St. Albans, New York.  (*Id*. ¶ 2.)  Plaintiff delivered goods on account to defendant, and defendant accepted and retained all such goods without objection, but failed to pay for the goods in accordance with the agreed terms.  (*Id*. ¶¶ 6-7.)

**DISCUSSION**

I.  **Default Judgment Standard**

Rule 55(b) of the Federal Rules of Civil Procedure provides that the court may enter judgment against the defaulting party when a plaintiff moves against an adverse party who has failed to answer or otherwise appear in the action.  Fed. R. Civ. P. 55(b).  After the Clerk of the Court has entered default pursuant to Rule 55(a), defendant's failure to answer or respond to the complaint constitutes an admission of the well-pleaded factual allegations in the complaint, except for the claims relating to damages.  *See, e.g., Greyhound Exhibitgroup,*

*Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). Thus, the party moving for a default judgment must allege adequate facts to establish liability and entitlement to relief after an entry of a default. *Id*.

Entry of a default, however, does not establish the extent of damages proximately caused by a defendant's conduct. *Id*. at 158-59. An inquest by affidavit, without an in-person hearing, may be conducted as long as the court can ensure "a basis for the damages specified in the default judgment." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)(quoting *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989)).

## II. Liability

"To prevail on a breach of contract claim under New York law[1], a plaintiff must prove '(1) a contract; (2) performance of the contract by one party; (3) breach by the other party; and (4) damages.'" *Terwilliger v. Terwilliger*, 206 F.3d 240, 245-46 (2d Cir. 2000)(quoting *First Investors Corp. v. Liberty Mut. Ins. Co.,* 152 F.3d 162, 168 (2d Cir. 1998)).

---

[1] As an initial matter, plaintiff does address the choice of law question presented by the facts herein. The court, however, "need not embark on a choice-of-law analysis in the absence of an 'actual conflict' between the applicable rules of . . . [the] relevant jurisdictions." *DeBlasio v. Merrill Lynch & Co.*, No. 07-cv-318, 2009 WL 2242605, at *19 n.14 (S.D.N.Y. July 27, 2009)(quoting *Fin. One Pub. Co. v. Lehman Bros. Special Fin. Inc.*, 414 F.3d 325, 331 (2d Cir. 2005)). Here, the relevant legal principles applicable to plaintiff's breach of contract claim are substantially the same in New York, New Jersey, and Missouri. Consequently, the court applies New York law but notes that the outcome and analysis would be unchanged if applying New Jersey or Missouri law.

3

Here, the undisputed allegations in the complaint state that plaintiff entered into a contract with defendant to supply goods on account, that it provided such goods, and that defendant failed to make full payment for the goods plaintiff supplied pursuant to the contract.  (Am. Compl. ¶¶ 6-9.)  Pursuant to the undisputed allegations, plaintiff then entered into a subsequent agreement with defendant to pay the principal balance of the amounts owed in tandem with new orders for goods, but defendant failed to make any additional orders or to pay the outstanding principal balance.  (*Id*.)  The court finds defendant liable for a breach of its payment obligations under its contract with plaintiff in light of the undisputed allegations of the existence of a contract, performance of the contract by plaintiff to supply goods to defendant, and defendant's failure to pay for goods received under the contract.

### III. Damages

"While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages."  *Greyhound*, 973 F.2d at 158.  The court may conduct a hearing or rely on affidavits and other documentary evidence provided by the plaintiff.
*See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Co.*, 109 F.3d 105, 111 (2d Cir. 1997) (quoting *Fustok v. Conti Commodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989)).

("Under Rule 55(b)(2), it [is] not necessary for the District Court to hold a hearing, as long as it ensure[s] that there [is] 'a basis for the damages specified in the default judgment.'"). "Thus, the movant need only show adequate support for the relief it seeks." *Kahan v. Chase Bank*, No. 10-CV-335, 2012 WL 947423, at *1 (E.D.N.Y. March 20, 2012).

Where default has been noted, plaintiff's recovery is limited to the amount requested in its Motion for Default Judgment.[2] *See* Fed. R. Civ. P. 54(c); *Scala v. Moore McCormack Lines, Inc.*, 985 F.2d 680, 683 (2d Cir. 1993). Having found defendant liable under the contract it entered into with the plaintiff, the court proceeds to assess the damages owed by defendant.

Plaintiff alleges an unpaid balance of $113,725.25 owed by defendant to plaintiff. (Mot. Default J. ¶¶ 3.) Plaintiff submitted an affidavit by Kim Conkle, who is personally familiar with records maintained in the ordinary course of business concerning sales of goods on account by plaintiff, stating that defendant owes plaintiff a balance of $113,725.25 for goods sold and delivered on account. (Aff. Supporting Entry of Default J.,

---

[2] Although plaintiff may be entitled to pre- and post-judgment interest in this case, plaintiff has not moved for an award of pre- or post-judgment interest. Additionally, plaintiff has failed to allege the date of the breach of contract from which prejudgment interest may be calculated. Consequently, the court declines to award any pre- and post-judgment interest in this case. *See Slige v. Merz*, 510 F.3d 157, 159-60 (2d Cir. 2007)("We now hold, to the extent it was previously unclear, that the conventional additional demand for 'such other and further relief as the Court deems just and proper' does not constitute a demand for prejudgment interest.")

filed July 13, 2015, ECF No. 26-1.)  The court therefore finds the affidavit to provide a sufficient basis for the damages asserted by plaintiff.  Given that there is no indication that a hearing would produce further information regarding the extent of plaintiff's damages or evidence to the contrary, the court declines to hold one.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for default judgment is granted.  It is hereby ORDERED that default judgment enter in favor of plaintiff as against CM Mattress, LLC in the amount of $ 113,725.25 for contract damages.  Plaintiff shall serve defendant with a copy of this Memorandum and Order and the Clerk's judgment and file a declaration of service no later than November 30, 2015.  The Clerk of Court is directed to enter judgment accordingly and close the case.

Dated:    November 16, 2015
          Brooklyn, New York

                                   _____/s/_____
                                   Kiyo A. Matsumoto
                                   United States District Judge